## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEREMY LUCE, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. CIV-17-1134-F |
| | ) | |
| THE PRUDENTIAL LIFE INSURANCE | ) | COMPLAINT |
| COMPANY OF AMERICA and PRUCO | ) | |
| LIFE INSURANCE COMPANY | ) | |
| Defendants. | ) | JURY DEMANDED |

## COMPLAINT

## PARTIES

1. Plaintiff, Jeremy Luce, was at all times material to this action a citizen of Cleveland County, Oklahoma.

2. Defendants were at all times material to this action incorporated in New Jersey, with their principal place of business in a state other than Oklahoma. Defendants are licensed to write life insurance policies in Oklahoma.

## JURISDICTION AND VENUE

3. The Court has jurisdiction under 28 U.S.C. § 1332 as the parties are of diverse citizenship and the amount in controversy exceeds $75,000.

4. Venue is proper in that Plaintiff is a resident of Cleveland County, Oklahoma, within this judicial district.

## BREACH OF CONTRACT

5. Plaintiff's decedent, Kristen Taylor, was insured under Defendants' life insurance policy number L019028 in the amount of $250,000. The policy was issued in Oklahoma and so this action is governed by Oklahoma law.

6. Plaintiff is the beneficiary under the policy.

7. Ms. Taylor died while the policy was in force, but within two years of policy inception.

8. Plaintiff made claim upon the policy proceeds as beneficiary.

9. Defendants denied the claim and attempted to rescind the policy for misrepresentation in the application process.

10. Such misrepresentation defense is governed by 36 O.S. § 3609, under which statements in insurance policy applications are deemed representations rather than warranties. Accordingly, "[m]isrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy unless" they are both material to the acceptance of the risk and made with the subjective intent to defraud the insurance company. Intent to defraud is subject to a clear and convincing evidentiary standard.

11. Here there was neither a "misrepresentation, omission, concealment of fact, [or] incorrect statement," *nor* fraudulent intent.

12. Defendants claim misrepresentation in answer to question 8(c) in the policy

application which asks if the applicant has in the past 7 years "been diagnosed, treated, tested positive for, or been given medical advice by a member of the medical profession for . . .   brain tumor, malignant tumor, or any form of cancer (except basal cell or squamous cell carcinoma of the skin)?"

13. At the time of the application Ms. Taylor was undergoing testing for flank pain. Within just a few days she had been told she had appendicitis, then told no, she had an abscess, and then told no, she had a mass that *might* be cancerous. Rightly concerned, she decided to get life insurance and submitted an application with Defendants. Sometime after the application was submitted, Ms. Taylor was diagnosed with cancer.

14. Thus, prior to her submitting the application, her doctors had discovered a mass that was *suspicious* for *possible* cancer. If her doctors had positively diagnosed cancer prior to the application, they had not shared that diagnosis with Ms. Taylor, but had told her only that additional testing was required to determine if the mass was benign or cancerous. Ms. Taylor was not, accordingly, aware of a "diagnosis of cancer," nor of a "positive test." Likewise, her doctors had not "treated her for" cancer, nor given "medical advice" for cancer, but had told her instead that further testing was required for a diagnosis and to determine if any treatment or advice was appropriate.

15. The answer to question 8(c) thus not being incorrect, and there being no intent to defraud, the denial was in breach of the life insurance contract.

## **BAD FAITH**

16. Plaintiff made demand of the policy proceeds. Defendant denied, and attempted to rescind the policy because Ms. Taylor's doctors, had, before the application date, discovered a "mass suspicious for possible cancer." The attempted rescission was in bad faith since the "diagnosis" could never give rise to a "yes" answer on the application.

17. Plaintiff, through counsel, then made a second demand, showing that the above could not constitute "[m]isrepresentations, omissions, concealment of facts, [or] incorrect statements," and that the attempted rescission thereby violated Oklahoma law.

18. In response, Defendant again denied the claim, this time claiming "[a]s part of the most recent review, we confirmed with Dr. [name withheld here] one of Ms. Taylor's attending physicians at OU Medical Center, that she [Ms. Taylor] was made aware of the cancer diagnosis [before the application date]."

19. The doctor has had no contact with Prudential and says, further, that he would not have confirmed a cancer diagnosis before the return of pathology results and those results did not come in until July 26, 2016, several days

after the policy inception.

20. Defendants' attempted rescission, based, first, on a facially correct answer to the application questions, followed by a fabricated "confirmation" by the doctors, violates the duty of good faith and fair dealing.

## RELIEF

**WHEREFORE,** Plaintiff Jeremy Luce, prays judgment against Defendants, on the contract, in the amount of $250,000, and on the tort claim, in an amount in excess of $75,000, and, pursuant to 36 O.S. § 3629, interest at 15%, costs, and attorney's fee, along with all other appropriate relief.

S/Paul Kouri
PAUL KOURI, OBA #20751
11221 E I 240 Service Rd
Oklahoma City, OK 73150
paul@paulkourilaw.com
Tel: (405) 347-7140
Attorney for Plaintiff

**ATTORNEY LIEN CLAIMED**